UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REDDY M. MARTINEZ, | Case No. 2:16-CV-1675 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| THE STATE OF NEVADA, DEPARTMENT OF CORRECTIONS, et al., | |
| Defendant(s). | |

Presently before the court is defendants James Dzurenda, Ted Hanf, Dwight Neven, and Brian Williams' ("defendants") motion to dismiss. (ECF No. 18). Plaintiff Reddy M. Martinez ("plaintiff") filed a response to the motion (ECF No. 24), and defendants subsequently replied (ECF No. 25). As an initial matter, the court will grant the parties' stipulation regarding the response deadline for the instant motion. (ECF No. 23).

**I.      Background**

Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 for events that occurred while he was incarcerated at High Desert State Prison ("HDSP") and the Pioche Conservation Camp ("PCC") under the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 1). Plaintiff was a prisoner when the present complaint was filed but has since been discharged from custody. (ECF No. 24 at 2).

On February 27, 2012, plaintiff was taking a shower when the unit correctional officer, Mr. Bass, told him "to hurry up" and finish bathing so that he could line up to take medication unrelated to the current claim. (ECF No. 1-2 at 8). While stepping out of the shower, plaintiff slipped and subsequently injured his right bicep by falling on the cement edging surrounding the bathing area. (*Id.*). Plaintiff informed Mr. Bass and "Nurse Patty" about his fall, showed them his bicep, and

requested that he be granted immediate medical care, which was denied. (*Id.*). Neither Mr. Bass nor "Nurse Patty" filed an incident report. (*Id.*).

Plaintiff filed an informal grievance stating that he had been denied appropriate medical assistance on May 9, 2012, which was denied on June 25, 2012. (*Id.* at 10, 15). In response to the denied informal grievance, plaintiff then submitted a first-level grievance on June 25, 2012, which was denied on August 22, 2012, by the HDSP warden and a medical care associate. (*Id.* at 10).

While his first-level grievance was pending, plaintiff met with an unnamed surgeon on August 4, 2012, who told plaintiff "that too much time had elapsed and it was too late to perform surgery" to repair the injured bicep. (*Id.* at 10).

Plaintiff submitted his second-level grievance on September 7, 2012, which was denied on October 8, 2012, for reasons in accordance "with the first level response." (*Id.* at 11). Plaintiff had also filed a medical kite to which Linda Adams responded on September 9, 2012, that he was "on the list." (*Id.* at 12). Plaintiff alleges that such a response suggests that he would be treated when medical personnel "fe[lt]-like-getting-around-to-it," and the delay caused "permanent and lasting" injury to his bicep in violation of the Eighth Amendment.[1] (*Id.* at 12).

Since October 19, 2012, plaintiff has filed numerous additional kites and an additional grievance, was transferred to PCC, and has been discharged from NDOC custody. (*Id.* at 13). Plaintiff filed his first complaint on April 5, 2013, which was dismissed following a telephonic conference on June 25, 2015, during which plaintiff acknowledged that the defendants "were not served with the [c]omplaint." (ECF No. 25-1 at 3). Plaintiff submitted additional complaints after the first complaint's dismissal. (ECF Nos. 24-1, 24-3, 24-6). He filed the current complaint in state district court on February 26, 2016, which defendants removed to this court. (ECF No. 1). The first defendants were served on June 16, 2016. (ECF No. 1-3).

## II. Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

[1] Plaintiff also briefly mentions a violation of his Sixth Amendment rights, although in passing and without elaboration. *See* (ECF No. 1-2). Merely mentioning such a violation is not sufficient to survive defendants' motion to dismiss because the complaint requires more than mere labels and conclusions. *Bel Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

Defendants filed a motion to dismiss, arguing that plaintiff's claim, pursuant to 42 U.S.C. § 1983, is barred by the statute of limitations. (ECF No. 18). Title 42 U.S.C. § 1983 provides a cause of action through which individuals may raise claims against state officers for constitutional

violations. Section 1983 does not contain a statute of limitations. *Id.* Rather, federal courts apply the forum state's personal injury statute of limitations for §1983 claims. *See Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In Nevada, the applicable statute of limitations is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

Federal law does, however, determine "when a cause of action accrues and the statute of limitations begins to run for a § 1983 action." *Elliot v. City of Union City*, 25 F.3d 800, 801–02 (9th Cir. 1994). A claim's statute of limitations "period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the cause of action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks omitted).

Inmates must exhaust available administrative remedies before filing § 1983 actions in federal court. *See* 42 U.S.C. § 1997e(a). "[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005). "Federal courts also apply a forum state's law regarding tolling . . . when not inconsistent with federal law." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *see Hardin v. Straub*, 490 U.S. 536, 537–39 (1989).

Here, it is clear that plaintiff did not file the instant complaint within the allotted two-year statute of limitations. Upon falling in the bathing area, plaintiff knew of the injury on which his claim is based, and the time to bring the claim then began accruing. (ECF No. 1-2 at 8). Plaintiff's time was subsequently tolled while he sought administrative remedies by filing various grievances beginning on May 9, 2012, which were exhausted on October 8, 2012, after the second formal grievance was denied. (*Id.* at 10–11). Following administrative exhaustion, over three years passed before plaintiff filed the present complaint on February 26, 2016. (ECF No. 1).

This court must decide whether the statute of limitations for plaintiff's injury should be extended by means of equitable tolling. Tolling is generally meant to ensure that a plaintiff has sufficient opportunity to pursue administrative remedies until their exhaustion without any constraint from the applicable statute of limitations. *See Brown*, 422 F.3d at 943. Courts will apportion additional time to parties to extend the designated statute of limitations in situations when plaintiffs file complaints before completely exhausting their administrative remedies, which deprives them of the full, allotted time under the statute of limitations. *See, e.g.*, *Wisenbaker v. Farewell*, 341 F. Supp. 2d 1160, 1163–64 (D. Nev. 2004).

Here, plaintiff did not file his initial complaint against defendants until April 5, 2013, well after he had exhausted all the administrative remedies the year prior on October 8, 2012. (ECF Nos. 25-1 at 3, 1-2 at 11).

Plaintiff argues that he is entitled to equitable tolling, citing to the factors listed in *Copeland v. Desert Inn Hotel*, because he had been diligent in pursuing claims by filing four complaints subsequent to his injury. *See* 673 P.2d 490, 492 (Nev. 1983); *see also* (ECF No. 24). On the contrary, plaintiff's actions suggest that he did not diligently pursue his claim because, after filing the initial complaint on April 5, 2013, plaintiff failed to serve the defendants while his complaint remained untouched for over two years. (ECF No. 25-2). This is evident by the state district court's April 21, 2015, status check and the complaint's subsequent dismissal. (ECF No. 25-1). Moreover, though plaintiff filed three additional complaints, those fail to show any diligence because they all were submitted after the statute of limitations had expired. (ECF Nos. 24-1, 24-3, 24-6).

In addition, any consideration this court would take of plaintiff's declaration of events while in custody at PCC would be immaterial. (ECF No. 24-5). Plaintiff was moved to PCC sometime "in late 2014 or early 2015." (*Id.*). More than two years had passed since plaintiff had exhausted administrative remedies; furthermore, over one and a half years had passed since the initial complaint was filed, and defendants still had not been serviced.

Plaintiff similarly applied the *Addison* test to consider the extent to which defendants would be prejudiced if the statute of limitations were equitably tolled. (ECF No. 24 at 6). The following were considered: (1) "the filing of the first claim must provide the defendant in the second claim with timely notice of the need to begin investigating the facts which form the basis of that claim"; (2) "the facts of the two claims must be identical or at least so similar that the defendant's investigation of the first claim will place him in a position to fairly defend the second"; and (3) "whether the plaintiff acted reasonably and in good faith." *Wisenbaker,* 341 F. Supp. 2d at 1167–68 (citing *Addison v. State of California*, 578 P.2d 941, 944 (Cal. 1978)).

Considering these elements, the facts suggest that defendants would be prejudiced if the statute of limitations was tolled. First, the initial claim that plaintiff filed on April 5, 2013, did not provide defendants timely notice to begin investigating facts for the claim. The defendants were never served when the initial claim was filed, and the first defendants to receive service for the current claim did not receive notice until June 16, 2016—over four years after plaintiff's injury.

- 5 -

(ECF No. 1-3). Because such an extended amount of time has passed, it would be difficult for the defendants to begin investigating their actions in connection with plaintiff's injury and alleged violations, and they had no reason to know that plaintiff had filed claims against them.

Second, though the facts of claims are very similar in all the complaints, the defendants never received service for the first claim. Thus, despite finding themselves in a similar position to defend the second as they would be for the first, the defendants' lack of notice leaves them unprepared to defend against plaintiff's allegations.

Finally, it is difficult to determine whether plaintiff acted in good faith, but this court concludes that he acted unreasonably. Considering that plaintiff proceeded *pro se* at the time that he filed the initial complaint, he may not have been completely aware of all the steps necessary to pursue a lawsuit against defendants. However, he had more than sufficient time to research subsequent procedures during the two years between the initial complaint's submission on April 5, 2013, and its dismissal on July 27, 2015.

**IV.     Conclusion**

This court will grant defendants' motion to dismiss because the statute of limitations bars the present action.

Accordingly,

IT IS HEREBY ORDERED, AJUDGED, AND DECREED that defendants' motion to dismiss (ECF No. 18) be, and the same hereby is, GRANTED, without prejudice.

DATED May 24, 2017.

                                                            /s/ James C. Mahan
                                                        UNITED STATES DISTRICT JUDGE